1  CARY W. MILLER (State Bar No. 62138)
   BLAKE R. JONES (State Bar No. 211221)
2  **HOOPER, LUNDY & BOOKMAN, P.C.**
   101 W. Broadway, Suite 1200
3  San Diego, California  92101-3890
   Telephone: (619) 744-7300
4  Facsimile: (619) 230-0987

5  Attorneys for Defendants ROSEMARIE RENO,
   CHARLENE ANDERSON, GEORGE
6  COULTER, LARRY ANDERSON and TRI-
   CITY HEALTHCARE DISTRICT and
7  Counterclaimant TRI-CITY HEALTHCARE
   DISTRICT

8                    **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10
   ALLEN COLEMAN,                          CASE NO. 3:09-cv-01594-W-BGS
11 SUELLYN ELLERBE,
   DAN GROSZKRUGER,                        **DISTRICT DEFENDANTS' ANSWER TO**
12 TERRY HOWELL,                           **FIRST AMENDED COMPLAINT;**
   ONDREA LABELLA,                         **AFFIRMATIVE DEFENSES; AND**
13 DOREEN SANDERSON, and                   **COUNTERCLAIM FOR MONEY HAD**
   ROBERT WARDWELL,                        **AND RECEIVED**
14
               Plaintiffs,
15
          vs.
16                                         **DEMAND FOR JURY TRIAL**
   KATHLEEN STERLING,
17 ROSEMARIE RENO,
   CHARLENE ANDERSON,
18 GEORGE COULTER,
   LARRY ANDERSON,
19 TRI-CITY HEALTHCARE DISTRICT, and
   DOES 1 through 100, inclusive,
20
               Defendants.
21 ─────────────────────────────
   TRI-CITY HEALTHCARE DISTRICT,
22
               Counterclaimant,
23        vs.
24 ALLEN COLEMAN, SUELLYN ELLERBE,
   DAN GROSZKRUGER, TERRY HOWELL,
25 ONDREA LABELLA, DOREEN
   SANDERSON, ROBERT WARDWELL, and
26 ROES 1 through 50, inclusive,
27               Counterdefendants.
28

HOOPER, LUNDY & BOOKMAN, P.C.
101 W. BROADWAY, SUITE 1200.
SAN DIEGO, CALIFORNIA  92101-3890
TEL.: (619) 744-7300 • FAX: (619) 230-0987

1      Defendants ROSEMARIE RENO, CHARLENE ANDERSON, GEORGE COULTER,

2  LARRY ANDERSON, and TRI-CITY HEALTHCARE DISTRICT (TCHD") (collectively, the

3  "District Defendants") hereby answer and respond to the allegations and claims asserted in

4  Plaintiffs' First Amended Complaint as follows:

5      1.      The District Defendants admit the allegations in Paragraph 1.

6      2.      The District Defendants admit the allegations in Paragraph 2.

7      3.      The District Defendants lack sufficient information or knowledge to admit or deny

8  the truth of the allegations in Paragraph 3 and on that basis deny those allegations.

9      4.      The District Defendants lack sufficient information or knowledge to admit or deny

10  the truth of the allegations in Paragraph 4 and on that basis deny those allegations.

11      5.      The District Defendants are without sufficient information or knowledge to admit

12  or deny the truth of the allegations in Paragraph 5 and on that basis deny those allegations.

13      6.      The District Defendants are without sufficient information or knowledge to admit

14  or deny the truth of the allegations in Paragraph 6 and on that basis deny those allegations.

15      7.      The District Defendants lack sufficient information or knowledge to admit or deny

16  the truth of the allegations in Paragraph 7 and on that basis deny those allegations.

17      8.      The District Defendants lack sufficient information or knowledge to admit or deny

18  the truth of the allegations in Paragraph 8 and on that basis deny those allegations.

19      9.      The District Defendants lack sufficient information or knowledge to admit or deny

20  the truth of the allegations in Paragraph 9 and on that basis deny those allegations.

21      10.      The District Defendants admit the allegations in Paragraph 10.

22      11.      The District Defendants admit that Plaintiffs were employed by Tri-City Healthcare

23  District (the "District") and deny the remaining allegations in Paragraph 11.

24      12.      The District Defendants admit that Plaintiffs were at least 40 years of age at the

25  time that the District terminated their employment and deny the remaining allegations in

26  Paragraph 12.

27      13.      The District Defendants admit the allegations in Paragraph 13.

28      14.      The District Defendants admit the allegations in Paragraph 14.

HOOPER, LUNDY & BOOKMAN, P.C.
101 W. BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101-3890
TEL.: (619) 744-7300 • FAX: (619) 230-0987

15.     The District Defendants admit the allegations in Paragraph 15.

16.     The District Defendants admit the allegations in Paragraph 16.

17.     No answer is required to the allegations in Paragraph 17.

18.     The District Defendants admit the allegations in Paragraph 18.

19.     No answer is required as to the allegations in Paragraph 19.

20.     Defendants TCHD and L. Anderson admit the allegations in Paragraph 20. Defendants Reno, Coulter and C. Anderson lack sufficient information or knowledge to admit or deny the truth of the allegations in Paragraph 20.

21.     The District Defendants admit that Defendants Charlene Anderson, Rosemarie Reno and George Coulter were members of Tri-City Healthcare District Board of Directors (the "Board") and were acting within scope of that relationship at all relevant times.  The District Defendants lack sufficient information or knowledge to admit or deny the truth of the remaining allegations in Paragraph 21 and on that basis deny those allegations.

22.     The District Defendants admit the allegations in Paragraph 22.

23.     The District Defendants admit the District received notice of certain tort claims asserted by Plaintiffs and rejected said tort claims on or around the dates asserted in Paragraph 23. The District Defendants deny the remaining allegations in Paragraph 23.

24.     The District Defendants deny the allegations in Paragraph 24.

25.     The District Defendants admit that Defendant Sterling has been previously censured by the Board. The District Defendants deny the remaining allegations in Paragraph 25.

26.     The District Defendants admit that the District is a public entity that provides hospital and healthcare services within the District and that its Board of Directors in comprised of seven individuals elected at large from the District.  The District Defendants deny the remaining allegations in Paragraph 26.

27.     The District Defendants admit that Defendant Sterling was first elected to the Board in 1998.  The District Defendants lack sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 27 and on that basis deny these allegations.

28.     The District Defendants admit the allegations in Paragraph 28.

HOOPER, LUNDY & BOOKMAN, P.C.
101 W. BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101-3890
TEL: (619) 744-7300 • FAX: (619) 230-0987

HOOPER, LUNDY & BOOKMAN, P.C.
101 W. BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101-3890
TEL: (619) 744-7300 • FAX: (619) 230-0987

29.     The District Defendants admit the allegations in Paragraph 29.

30.     The District Defendants admit that the Resolution charged the Chairperson of the Board and the CEO to continue to monitor the conduct of Defendant Sterling related to employees of the District, and to report as necessary to the Board.  The District Defendants deny the remaining allegations in Paragraph 30.

31.     The District Defendants admit that the Resolution charged the CEO with monitoring the conduct of Defendant Sterling related to employees of the District, and to report as necessary to the Board.  The District Defendants deny the remaining allegations in Paragraph 31.

32.     The District Defendants admit that the Board censured Defendant Sterling on March 29, 2001, and that the Resolution set forth such findings.  The District Defendants lack sufficient information or knowledge to admit or deny the truth of the remaining allegations in Paragraph 32 and on that basis deny those allegations.

33.     The District Defendants admit that the Resolution contained such a declaration. The District Defendants admit that the Resolution charged the Chairperson of the Board and the CEO to continue to monitor the conduct of Defendant Sterling related to employees of the District, and to report as necessary to the Board.  The District Defendants deny the remaining allegations in Paragraph 33.

34.     The District Defendants admit that the District hired private security guards to attend meetings in or around 2002.  The District Defendants lack sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 34.

35.     The District Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 35 and on that basis deny those allegations.

36.     The District Defendants admit the allegations in Paragraph 36.

37.     The District Defendants deny any act of retaliation against Plaintiffs as alleged. The District Defendants lack sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 37 and on that basis deny those allegations.

38.     The District Defendants admit that the election occurred on November 4, 2008, and Defendants Charlene Anderson, Reno, Coulter and Sterling were subsequently found to have won

ANSWER TO FIRST AMENDED COMPLAINT;
AFFIRMATIVE DEFENSES; AND COUNTERCLAIM

3016931.3

HOOPER, LUNDY & BOOKMAN, P.C.
101 W. BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101-3890
TEL: (619) 744-7300 • FAX: (619) 230-0987

1    the election.  The District Defendants lack sufficient information or knowledge to admit or deny

2    the remaining allegations in Paragraph 38 and on that basis deny those allegations.

3         39.     The District Defendants admit that Plaintiffs Ellerbe and Sanderson repeatedly took

4    actions and engaged in discussions that reflected a strong desire to prevent the establishment and

5    involvement of labor unions at Tri-City Medical Center ("TCMC").  The District Defendants lack

6    sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 39

7    and on that basis deny those allegations.

8         40.     The District Defendants deny the allegations in Paragraph 40.

9         41.     The District Defendants deny the allegations in Paragraph 41.

10        42.     The District Defendants deny the allegations in Paragraph 42.

11        43.     The District Defendants deny the allegations in Paragraph 43.

12        44.     The District Defendants admit that Plaintiffs served a letter dated January 21, 2009

13   to Chairperson Reno.  The District Defendants specifically plead that the wording of the letter

14   speaks for itself.  The District Defendants deny the remaining allegations in Paragraph 44.

15        45.     The District Defendants admit that Plaintiffs filed a Petition for Writ of Mandate in

16   the Superior Court.  The District Defendants specifically plead that the wording of the pleading

17   speaks for itself.  The District Defendants deny the remaining allegations in Paragraph 45.

18        46.     The District Defendants deny the allegations in Paragraph 46.

19        47.     The District Defendants admit that Mr. Williams placed Plaintiffs on administrative

20   leave with pay pending an investigation, and that Plaintiffs were provided appropriate notice.  The

21   District Defendants do not have sufficient information to admit or deny the truth of the remaining

22   allegations in Paragraph 47 and on that basis deny those allegations.

23        48.     The District Defendants deny the allegations in Paragraph 48.

24        49.     The District Defendants are without sufficient information or knowledge to admit

25   or deny the allegations related to media reports and on that basis deny those allegations.  The

26   District Defendants deny the remaining allegations in Paragraph 49.

27        50.     The District Defendants admit that Mr. Williams was replaced by Larry Anderson

28   as the interim CEO on or about January 15, 2009.

HOOPER, LUNDY & BOOKMAN, P.C.
101 W. BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101-3890
TEL: (619) 744-7300 • FAX: (619) 230-0987

51.     The District Defendants admit that Notices of Administrative Leave were sent to Plaintiffs.  The District Defendants specifically plead that the wording of the notices speaks for itself.

52.     The District Defendants deny the allegations of Paragraph 52.

53.     The District Defendants admit that Plaintiffs were advised regarding the investigation on February 10, 2009, among other times.  The District Defendants specifically plead that the wording of the notice speaks for itself.  The District Defendants deny the remaining allegations in Paragraph 53.

54.     The District Defendants admit that Plaintiffs received a letter from Timothy L. Davis on March 10, 2009.  The District Defendants specifically plead that the wording of the letter speaks for itself.  The District Defendants deny the remaining allegations in Paragraph 54.

55.     The District Defendants admit that Plaintiffs were given Notice of Potential Termination in April 2009.  The District Defendants specifically plead that the wording of the notices speaks for itself.  The District Defendants deny the remaining allegations in Paragraph 55.

56.     The District Defendants admit that Plaintiffs were not provided copies of the investigation report.  The District Defendants deny the remaining allegations in Paragraph 56.

57.     The District Defendants admit that Plaintiffs were provided notices of termination for cause on or about April 23, 2009.  The District Defendants specifically plead that the wording of the notices speaks for itself.  The District Defendants deny the remaining allegations in Paragraph 57.

58.     The District Defendants specifically plead that the wording of the termination letter speaks for itself.  The District Defendants deny the remaining allegations in Paragraph 58.

59.     Defendant Coulter admits saying on or about December 18, 2008 that "some things don't seem ethical and not even legal."   Defendant Reno admits stating to the press that administrative leaves were necessary to secure the District's assets and records.  Defendant Reno also admits stating in open session that a forensic investigation was being conducted into District finances and operations.   Other than such admissions, the District Defendants lack sufficient

ANSWER TO FIRST AMENDED COMPLAINT;
AFFIRMATIVE DEFENSES; AND COUNTERCLAIM

1  information or knowledge regarding such statements and on that basis alone deny those

2  allegations.  The District Defendants deny the remaining allegations in Paragraph 59.

3      60.    Defendant Reno lacks recollection whether she stated that letters of termination

4  went out for cause and on that basis denies this allegation.  Other than this admission, the District

5  Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph

6  60 and on that basis alone deny those allegations.

7      61.    The District Defendants deny the allegations of Paragraph 61.

8      62.    The District Defendants deny the allegations of Paragraph 62.

9      63.    The District Defendants incorporate by reference their responses in Paragraphs 1

10  through 62 above.

11      64.    The District Defendants admit that Allen Coleman served as TCHD's Vice

12  President of Business Development and that TCHD entered into the asserted written agreement

13  with him.  The District Defendants deny the remaining the allegations of Paragraph 64.

14      65.    The District Defendants admit that Robert Wardwell served as TCHD's Vice

15  President and Chief Financial Officer and that TCHD entered into the asserted written agreement

16  with him.  The District Defendants deny the remaining the allegations of Paragraph 65.

17      66.    The District Defendants admit that Doreen Sanderson served as TCHD's Vice

18  President of Human Resources and that TCHD entered into the asserted written agreement with

19  her.  The District Defendants deny the remaining the allegations of Paragraph 66.

20      67.    The District Defendants admit that Suellyn Ellerbe served as TCHD's Vice

21  President, Chief Operating Officer and Chief Nursing Executive and that TCHD entered into the

22  asserted written agreement with her.  The District Defendants deny the remaining the allegations

23  of Paragraph 67.

24      68.    The District Defendants admit that Terry Howell served as TCHD's Vice President,

25  Performance Improvement and that TCHD entered into the asserted written agreement with him.

26  The District Defendants deny the remaining the allegations of Paragraph 68.

27  / / /

28  / / /

HOOPER, LUNDY & BOOKMAN, P.C.
101 W. BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101-3890
TEL: (619) 744-7300 • FAX: (619) 230-0987

3016931.3

ANSWER TO FIRST AMENDED COMPLAINT;
AFFIRMATIVE DEFENSES; AND COUNTERCLAIM

HOOPER, LUNDY & BOOKMAN, P.C.
101 W. BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101-3890
TEL: (619) 744-7300 • FAX: (619) 230-0987

69.     The District Defendants admit that Ondrea Labella served as TCHD's Director of Patient Accounting and that TCHD entered into the asserted written agreement with her.  The District Defendants deny the remaining the allegations of Paragraph 69.

70.     The District Defendants admit that Dan Groskruger served as TCHD's Director of Legal Services and entered into the asserted written agreement with him.  The District Defendants deny the remaining the allegations of Paragraph 70.

71.     The District Defendants admit that Defendant Larry Anderson issued letters of termination to Plaintiffs on April 23, 2009.  The District Defendants specifically plead that the wording of the letters speaks for itself.

72.     The District Defendants deny the allegations in Paragraph 72.

73.     The District Defendants deny the allegations in Paragraph 73.

74.     The District Defendants deny the allegations in Paragraph 74.

75.     The District Defendants deny the allegations in Paragraph 75.

76.     The District Defendants incorporate by reference their responses in Paragraphs 1 through 62 above.

77.     The District Defendants admit the allegations in Paragraph 77.

78.     The District Defendants admit the allegations in Paragraph 78.

79.     The District Defendants admit the allegations in Paragraph 79.

80.     The District Defendants admit the allegations of Paragraph 80.

81.     The District Defendants admit the allegations of Paragraph 81.

82.     The District Defendants admit the allegations of Paragraph 82.

83.     The District Defendants admit the allegations of Paragraph 83.

84.     The District Defendants deny the allegations of Paragraph 84.

85.     The District Defendants deny the allegations of Paragraph 85.

86.     The District Defendants admit that Plaintiffs filed complaints for age discrimination and received Right to Sue letters.  The District Defendants specifically plead that the wording of these documents speaks for itself.

87.     The District Defendants deny the allegations of Paragraph 87.

HOOPER, LUNDY & BOOKMAN, P.C.
101 W. BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101-3890
TEL: (619) 744-7300 • FAX: (619) 230-0987

88.     The District Defendants incorporate by reference their responses in Paragraphs 1 through 62 above.

89.     The District Defendants admit that Plaintiffs were employed by the District pursuant to written agreements.  The District Defendants specifically plead that the wording of the agreements speaks for itself.  The District Defendants deny the remaining allegations in Paragraph 89.

90.     The District Defendants admit that Plaintiffs were employed by the District pursuant to letter agreements.  The District Defendants specifically plead that the wording of the letter agreements speaks for itself.  The District Defendants deny the remaining allegations in Paragraph 90.

91.     No answer is required to the allegations in Paragraph 91 because it requires a legal conclusion and questions of law are solely within the purview of the Court.

92.     The District Defendants deny the allegations of Paragraph 92.

93.     The District Defendants deny the allegations of Paragraph 93.

94.     The District Defendants deny the allegations of Paragraph 94.

95.     The District Defendants deny the allegations of Paragraph 95.

96.     The District Defendants incorporate by reference their responses in Paragraphs 1 through 62 above.

97.     The District Defendants admit that Plaintiffs worked for the District, a public entity under State law, pursuant to written employment agreements.  The District Defendants specifically plead that the wording of the agreements speaks for itself.  The District Defendants deny all remaining allegations of Paragraph 97.

98.     No answer is required to the allegations in Paragraph 91 because it requires a legal conclusion and questions of law are solely within the purview of the Court.

99.     The District Defendants deny the allegations of Paragraph 99.

100.     The District Defendants admit that Plaintiffs were terminated for cause on April 23, 2009.  The District Defendants deny all remaining allegations of Paragraph 100.

/ / /

3016931.3

3:09-cv-01594-W-BGS
ANSWER TO FIRST AMENDED COMPLAINT;
AFFIRMATIVE DEFENSES; AND COUNTERCLAIM

101.    The District Defendants admit that TCHD did not identify all of the witnesses or provide the "witness statements" to Plaintiffs prior to termination.  The District Defendants deny the remaining allegations of Paragraph 101.

102.    The District Defendants deny the allegations of Paragraph 102.

103.    The District Defendants incorporate by reference their responses in Paragraphs 1 through 62 above.

104.    The District Defendants deny the allegations of Paragraph 104.

105.    The District Defendants deny the allegations of Paragraph 105.

106.    The District Defendants deny the allegations of Paragraph 106.

107.    No answer is required to the allegations in Paragraph 107 because it requires a legal conclusion and questions of law are solely within the purview of the Court.

108.    The District Defendants incorporate by reference their responses in Paragraphs 1 through 62 above.

109.    The District Defendants incorporate by reference their responses in Paragraph 59 above.

110.    The District Defendants incorporate by reference their responses in Paragraph 60 above.

111.    Defendant Larry Anderson denies the allegations of Paragraph 111.  The remaining District Defendants lack sufficient information or knowledge to admit or deny the statements attributed to Defendant Anderson.  The District Defendants deny the remaining allegations in Paragraph 111.

112.    The District Defendants deny the allegations of Paragraph 112.

113.    The District Defendants incorporate by reference their responses in Paragraphs 59 and 60 above.

114.    The District Defendants deny the allegations of Paragraph 114.

115.    The District Defendants deny the allegations of Paragraph 115.

116.    The District Defendants deny the allegations of Paragraph 116.

117.    The District Defendants deny the allegations of Paragraph 117.

HOOPER, LUNDY & BOOKMAN, P.C.
101 W. BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101-3890
TEL: (619) 744-7300 • FAX: (619) 230-0987

3016931.3

9                                3:09-cv-01594-W-BGS
ANSWER TO FIRST AMENDED COMPLAINT;
AFFIRMATIVE DEFENSES; AND COUNTERCLAIM

118. The District Defendants deny the allegations of Paragraph 118.

119. The District Defendants deny the allegations of Paragraph 119.

120. The District Defendants deny the allegations of Paragraph 120.

121. The District Defendants incorporate by reference their responses in Paragraphs 1 through 62 above.

122. No answer is required to the allegations in Paragraph 122 because it requires a legal conclusion and questions of law are solely within the purview of the Court.

123. No answer is required to the allegations in Paragraph 123 because it requires a legal conclusion and questions of law are solely within the purview of the Court.

124. The District Defendants deny the allegations of Paragraph 124.

125. The District Defendants admit that Plaintiffs were employed by TCHD, a public entity under state law, and that Plaintiffs entered into written employment agreements with TCHD. The District Defendants specifically plead that the wording of the written agreements speak for itself.  The District Defendants deny the remaining allegations of Paragraph 125.

126. The District Defendants deny the allegations of Paragraph 126.

127. The District Defendants deny the allegations of Paragraph 127.

128. The District Defendants deny the allegations of Paragraph 128.

129. The District Defendants incorporate by reference their responses in Paragraph 101 above.

130. The District Defendants deny the allegations of Paragraph 130.

131. The District Defendants deny the allegations of Paragraph 131.

132. The District Defendants deny the allegations of Paragraph 132.

133. The District Defendants deny the allegations of Paragraph 133.

134. The District Defendants deny the allegations of Paragraph 134.

135. The District Defendants deny the allegations of Paragraph 135.

136. The District Defendants incorporate by reference their responses in Paragraphs 1 through 62 above.

/ / /

HOOPER, LUNDY & BOOKMAN, P.C.
101 W. BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101-3890
TEL: (619) 744-7300 • FAX: (619) 230-0987

10

137.     No answer is required to the allegations in Paragraph 137 because it requires a legal conclusion and questions of law are solely within the purview of the Court.

138.     No answer is required to the allegations in Paragraph 138 because it requires a legal conclusion and questions of law are solely within the purview of the Court.

139.     The District Defendants admit that Plaintiffs Ellerbe and Sanderson repeatedly took actions and engaged in discussions that reflected their anti-union beliefs and anti-union behavior. The District Defendants admit that one or more of the District Defendants were elected to the Board with some union backing.  The District Defendants deny the remaining allegations of Paragraph 139.

140.     The District Defendants deny the allegations of Paragraph 140.

141.     The District Defendants deny the allegations of Paragraph 141.

142.     The District Defendants deny the allegations of Paragraph 142.

143.     The District Defendants deny the allegations of Paragraph 143.

144.     The District Defendants incorporate by reference their responses in Paragraphs 1 through 62 above.

145.     No answer is required to the allegations in Paragraph 145 because it requires a legal conclusion and questions of law are solely within the purview of the Court.

146.     No answer is required to the allegations in Paragraph 146 because it requires a legal conclusion and questions of law are solely within the purview of the Court.

147.     The District Defendants lack sufficient information or knowledge to respond to the vague allegation in Paragraph 147 and on this basis deny that allegation.

148.     The District Defendants deny the allegations of Paragraph 148.

149.     The District Defendants incorporate their responses in Paragraph 44 above.  The District Defendants deny the remaining allegations in Paragraph 149.

150.     The District Defendants admit that Plaintiffs filed a Petition for Writ of Mandate in which it was alleged that some but not all District Defendants violated the Brown Act.  The District Defendants specifically plead that the wording of the Petition for Writ of Mandate speaks for itself.  The District Defendants deny the remaining allegations in Paragraph 150.

HOOPER, LUNDY & BOOKMAN, P.C.
101 W. BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101-3890
TEL: (619) 744-7300 • FAX: (619) 230-0987

ANSWER TO FIRST AMENDED COMPLAINT;
AFFIRMATIVE DEFENSES; AND COUNTERCLAIM

1    151.    The District Defendants deny the allegations of Paragraph 151.

2    152.    The District Defendants deny the allegations of Paragraph 152.

3    153.    The District Defendants deny the allegations of Paragraph 153.

4    154.    The District Defendants deny the allegations of Paragraph 154.

5    155.    The District Defendants incorporate their responses to Paragraphs 1 through 62

6 above.

7    156.    The District Defendants deny the allegations of Paragraph 156.

8    157.    The District Defendants deny the allegations of Paragraph 157.

9    158.    The District Defendants deny the allegations of Paragraph 158.

10   159.    The District Defendants deny the allegations of Paragraph 159.

11   160.    The District Defendants deny the allegations of Paragraph 160.

12   161.    The District Defendants deny the allegations of Paragraph 161.

13   162.    The District Defendants deny the allegations of Paragraph 162.

14   163.    The District Defendants deny the allegations of Paragraph 163.

15   164.    The District Defendants deny the allegations of Paragraph 164.

16   165.    The District Defendants deny the allegations of Paragraph 165.

17   166.    The District Defendants deny all claims for relief asserted by Plaintiffs on Pages

18 32, 33 and 34 of their First Amended Complaint.

19

20                  **AFFIRMATIVE DEFENSES**

21               **FIRST AFFIRMATIVE DEFENSE**

22                **(FAILURE TO STATE A CLAIM)**

23 The Complaint fails to state a claim upon which relief can be granted.

24               **SECOND AFFIRMATIVE DEFENSE**

25                  **(FAILURE TO MITIGATE)**

26 Plaintiffs have failed to mitigate their damages, if any.

27 / / /

28 / / /

HOOPER, LUNDY & BOOKMAN, P.C.
101 W. BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101-3890
TEL: (619) 744-7300 • FAX: (619) 230-0987

HOOPER, LUNDY & BOOKMAN, P.C.
101 W. BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101-3890
TEL: (619) 744-7300 • FAX: (619) 230-0987

## THIRD AFFIRMATIVE DEFENSE

### (ACCORD AND SATISFACTION)

Plaintiffs' claims have been resolved by way of settlement in a prior action in the Superior Court of California, County of San Diego, North County Division, entitled *Sanderson, et al. v. Tri-City Healthcare District, et al.,* Case No. 37-2009-00051962-CU-WM-NC.  The settlement in the state court action constituted an accord and satisfaction of some or all of plaintiffs' claims in this federal action.

## FOURTH AFFIRMATIVE DEFENSE

### (AFTER ACQUIRED EVIDENCE)

Plaintiffs' claims are barred in whole or in part by  the doctrine of after-acquired evidence.

## FIFTH AFFIRMATIVE DEFENSE

### (GOOD FAITH)

Defendants' alleged conduct as it related to the plaintiffs was reasonable and in good faith.

## SIXTH AFFIRMATIVE DEFENSE

### (CONTRIBUTORY NEGLIGENCE)

Plaintiffs are the cause of their own damages, if any, in whole or in part.

## SEVENTH AFFIRMATIVE DEFENSE

### (STATUTE OF LIMITATIONS)

Some or all of plaintiffs claims are untimely and/or barred in whole or in part by the applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

### (LACHES)

Some or all of plaintiffs' claims are barred by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

### (FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES)

Plaintiffs' claims are barred, in whole or in part, because they failed to exhaust their administrative remedies.

/ / /

HOOPER, LUNDY & BOOKMAN, P.C.
101 W. BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101-3890
TEL: (619) 744-7300 • FAX: (619) 230-0987

1

2

### TENTH AFFIRMATIVE DEFENSE

### (WRONGFUL TERMINATION – NO PUBLIC POLICY VIOLATION)

Plaintiffs' wrongful termination claims fail, in whole or in part, because the actions alleged do not state any viable public policy upon which a public policy wrongful discharge claim can be based and/or there are other statutory remedies available for such claims.

### ELEVENTH AFFIRMATIVE DEFENSE

### ("AT-WILL" EMPLOYMENT)

Some or all of plaintiffs were employed by Tri-City Healthcare District as "at-will" employees such that they could be terminated at the will of Tri-City Healthcare District.  Labor Code § 2922; Health & Saf. Code 32121(h).

### TWELFTH AFFIRMATIVE DEFENSE

### (GOOD CAUSE)

Plaintiffs were terminated for good cause.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (FAILURE TO PERFORM ESSENTIAL JOB FUNCTIONS)

Plaintiffs were not qualified or able to perform the essential job functions of their positions at Tri-City Healthcare District.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (LEGITIMATE, NON-DISCRIMINATORY REASON)

Plaintiffs were terminated from their positions for legitimate, non-discriminatory reasons.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (UNILATERAL MISTAKE)

The alleged employment contracts of plaintiffs are void, illegal and/or unenforceable because they were formed based on a unilateral mistake of fact.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (BILATERAL MISTAKE)

The alleged employment contracts of plaintiffs are void, illegal, and/or unenforceable because they were formed based on a bilateral mistake of fact and/or law.

HOOPER, LUNDY & BOOKMAN, P.C.
101 W. BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101-3890
TEL: (619) 744-7300 • FAX: (619) 230-0987

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (FRAUD)

The alleged employment contracts of plaintiffs are void, illegal, and/or unenforceable because consent was obtained by fraud.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (WAIVER)

Plaintiffs waived their rights under any alleged employment contract with Tri-City Healthcare District by their conduct and/or statements.

## NINETEENTH AFFIRMATIVE DEFENSE

### (FAILURE TO PERFORM)

Plaintiffs failed to perform all or substantially all of the significant obligations the contract required them to do.

## TWENTIETH AFFIRMATIVE DEFENSE

### (DEFAMATION – STATEMENT OF FACT)

The alleged statements made by defendants about plaintiffs were not statements of fact but opinions.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (DEFAMATION – TRUTH)

Defendants are not responsible for plaintiffs' harm, if any, because any statements defendants allegedly made were true.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (DEFAMATION – COMMON LAW RIGHT TO FAIR COMMENT)

Defendants are not responsible for plaintiffs' harm, if any, because any statements defendants allegedly made were protected by the common law right of fair comment on matters of public interest.

/ / /

/ / /

/ / /

HOOPER, LUNDY & BOOKMAN, P.C.
101 W. BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101-3890
TEL: (619) 744-7300 • FAX: (619) 230-0987

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(CONSENT)**

Defendants are not responsible for plaintiffs' harm, if any, because plaintiffs consented, by words or conduct, to defendants' communication of the statements to others.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(42 U.S.C. §1983 – NO PERSONAL INVOLVEMENT)**

Defendants were not personally involved in the alleged unconstitutional activity thereby precluding 42 U.S.C. § 1983 liability.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(42 U.S.C. §1983 – NO CAUSAL CONNECTION)**

Plaintiffs cannot show a causal connection between plaintiffs' alleged injuries and the alleged constitutional deprivation.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(42 U.S.C. §1983 – NO LIABILITY FOR NEGLIGENCE)**

Negligence or lack of due care does not give rise to liability under 42 U.S.C. § 1983.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(42 U.S.C. §1983 – ABSOLUTE IMMUNITY)**

Defendants are protected from liability for plaintiffs' alleged injuries by the doctrine of absolute immunity because their alleged actions were within the scope of their employment and constituted conduct discretionary in nature.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(42 U.S.C. §1983 – QUALIFIED IMMUNITY)**

Defendants are protected from liability for plaintiffs' alleged injuries by the doctrine of qualified immunity because the rights plaintiffs claim were violated were not clearly established before they were allegedly injured.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(SOVEREIGN IMMUNITY)**

Defendants are protected from liability for plaintiffs' alleged injuries, if any, and are not

1  subject to jurisdiction of this court under the doctrine of sovereign immunity.

## THIRTIETH AFFIRMATIVE DEFENSE

### (42 U.S.C. §1983 – ADEQUATE STATE REMEDIES)

Plaintiffs' claim is not actionable because adequate state remedies are/were available to redress the alleged deprivation.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (NO PROTECTED ACTIVITY)

Plaintiffs' alleged "anti-union" beliefs are not protected political action or activity.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (PUBLIC EMPLOYEES RELATIONS BOARD ("PERB") PREEMPTION)

PERB has exclusive initial jurisdiction over plaintiffs' claims.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – PRIVILEGED CONDUCT)

Defendants are not responsible for plaintiffs' harm, if any, because defendants' conduct was permissible as they were exercising their legal right or protecting their economic interests, their alleged conduct was lawful and consistent with community standards, and they had a good-faith belief that they had a legal right to engage in the conduct.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (IMMUNITY)

Defendants are immune from liability for plaintiffs' alleged injuries because the alleged act(s) or omission(s) which plaintiffs claim caused their injuries arose from the exercise of discretion vested in them.  Gov't Code § 820.2.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (IMMUNITY)

Defendants are immune from liability for plaintiffs' alleged injuries because their injuries were caused by the act(s) or omission(s) of another person(s).  Gov't Code § 820.8.

/ / /

HOOPER, LUNDY & BOOKMAN, P.C.
101 W. BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101-3890
TEL: (619) 744-7300 • FAX: (619) 230-0987

HOOPER, LUNDY & BOOKMAN, P.C.
101 W. BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101-3890
TEL: (619) 744-7300 • FAX: (619) 230-0987

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (NO VICARIOUS LIABILITY)

Defendants are not vicariously liable for injuries caused by the act(s) or omission(s) of other Board of Directors and/or Tri-City Healthcare District.  Cal. Gov't Code § 820.9.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (NO LIABILITY FOR MISREPRESENTATION)

Defendants are immune from liability for injuries allegedly caused by any misrepresentation(s) made by them, regardless if the alleged misrepresentation was negligent or intentional.  Gov't Code § 822.2

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (IMMUNITY)

Defendants are immune from liability for injuries caused, if any, because the administrative actions were within the scope of their employment.  Gov't Code § 821.6.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

### (IMMUNITY)

Defendants are immune from liability for injuries caused, if any, because except as provided by statute, a public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person.  Gov't Code § 815.

### FORTIETH AFFIRMATIVE DEFENSE

### (IMMUNITY)

Defendants are immune from liability for injuries caused, if any, because (1) a public entity is not liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative, and (b) except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.  Gov't Code § 815.2.

/ / /

**FORTY-FIRST AFFIRMATIVE DEFENSE**

**(IMMUNITY FROM PUNITIVE DAMAGES)**

Defendants are not liable for any punitive damages as a public entity is not liable for damages awarded under section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant.  Gov't Code § 818.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

**(IMMUNITY)**

Defendants are immune from liability for injuries caused, if any, because a public entity is not liable for an injury caused by misrepresentation by an employee of the public entity, whether or not such misrepresentation be negligent or intentional..  Gov't Code § 818.8.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

**(IMMUNITY)**

Defendants are immune from liability for injuries caused, if any, because a  public employee is not liable for his or her act or omission, exercising due care, in the execution or enforcement of any law.  Gov't Code § 820.4

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

**(IMMUNITY)**

Defendants are immune from liability for injuries caused, if any, because if a public employee acts in good faith, without malice, and under the apparent authority of an enactment that is unconstitutional, invalid or inapplicable, he is not liable for an injury caused thereby except to the extent that he would have been liable had the enactment been constitutional, valid and applicable.  Gov't Code § 820.6.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

**(IMMUNITY)**

Defendants are immune from liability for injuries caused, if any, because the alleged misconduct giving rise to their claims is privileged publications.  Civ. Code § 47.

/ / /

/ / /

HOOPER, LUNDY & BOOKMAN, P.C.
101 W. BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101-3890
TEL: (619) 744-7300 • FAX: (619) 230-0987

HOOPER, LUNDY & BOOKMAN, P.C.
101 W. BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101-3890
TEL: (619) 744-7300 • FAX: (619) 230-0987

1

### FORTY-SIXTH AFFIRMATIVE DEFENSE

2

### (ESTOPPEL)

3

Plaintiffs' claims are barred by the doctrine of estoppel.

4

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

5

### (FAILURE OF CONSIDERATION)

6

Plaintiffs' alleged employment contracts are illegal, unenforceable and/or invalid because

7

there was no consideration for the contracts.

8

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

9

### (RES JUDICATA/COLLATERAL ESTOPPEL)

10

Plaintiffs' claims are barred by the doctrine of res judicata and collateral estoppel (claim

11

preclusion and issue preclusion).

12

### FORTY-NINTH AFFIRMATIVE DEFENSE

13

### (RELEASE)

14

Plaintiffs' claims are barred because they released defendants from any liability for the

15

injuries claimed in this action when they signed the settlement agreement in the state court action,

16

entitled:  *Sanderson, et al. v. Tri-City Healthcare District, et al.,* Case No. 37-2009-00051962-

17

CU-WM-NC.

18

### FIFTIETH AFFIRMATIVE DEFENSE

19

### (UNCLEAN HANDS)

20

Plaintiffs' claims are barred because they come before the Court with unclean hands.

21

### FIFTY-FIRST AFFIRMATIVE DEFENSE

22

### (RESERVATION OF RIGHTS)

23

Defendants reserve the right to add additional defenses as appropriate upon the completion

24

of discovery.

25

/ / /

26

/ / /

27

/ / /

28

/ / /

HOOPER, LUNDY & BOOKMAN, P.C.
101 W. BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101-3890
TEL: (619) 744-7300 • FAX: (619) 230-0987

## COUNTERCLAIM

Defendant and Counterclaimant TRI-CITY HEALTHCARE DISTRICT alleges as follows:

## PARTIES

1.     Counterclaimant TRI-CITY HEALTHCARE DISTRICT ("the District") is a hospital district and is licensed by the California Department of Public Health to provide general acute inpatient and outpatient services.  The District is located in Oceanside, California, and does business in the County of San Diego.

2.     Counterdefendant ALLEN COLEMAN is now, and at all times mentioned in this Counterclaim was, an individual residing in the State of California, County of San Diego.  At the times relevant to this Counterclaim, Counterdefendant Coleman served as District Vice President of Business Development.

3.     Counterdefendant SUELLYN ELLERBE is now, and at all times mentioned in this Counterclaim was, an individual residing in the State of California, County of San Diego.  At the times relevant to this Counterclaim, Counterdefendant Ellerbe served as District Vice President, Chief Operating Officer/Chief Nurse Executive.

4.     Counterdefendant DAN GROSZKRUGER is now, and at all times mentioned in this Counterclaim was, an individual residing in the State of California, County of San Diego.   At the times relevant to this Counterclaim, Counterdefendant Groszkruger served as District Director of Legal Services.

5.     Counterdefendant TERRY HOWELL is now, and at all times mentioned in this Counterclaim was, an individual residing in the State of California, County of San Diego.  At the times relevant to this Counterclaim, Counterdefendant Howell served as District Vice President, Performance Improvement.

6.     Counterdefendant ONDREA LABELLA is now, and at all times mentioned in this Counterclaim was, an individual residing in the State of California, County of San Diego.  At the times relevant to this Counterclaim, Counterdefendant Labella served as District Director of Patient Accounting.

3016931.3

ANSWER TO FIRST AMENDED COMPLAINT;
AFFIRMATIVE DEFENSES; AND COUNTERCLAIM

7.     Counterdefendant DOREEN SANDERSON is now, and at all times mentioned in this Counterclaim was, an individual residing in the State of California, County of San Diego.  At the times relevant to this Counterclaim, Counterdefendant Sanderson served as District Vice President, Human Resources.

8.     Counterdefendant ROBERT WARDWELL is now, and at all times mentioned in this Counterclaim was, an individual residing in the State of California, County of San Diego.  At the times relevant to this Counterclaim, Counterdefendant Wardwell served as District Vice President and Chief Financial Officer.

9.     The true names and capacities of ROES 1 through 50, inclusive, are unknown to Counterclaimant and therefore, Counterclaimant sues said counterdefendants by such fictitious names.  Counterclaimant will amend this Counterclaim as necessary to allege the true names and capacities of said counterdefendants when the same have been ascertained.

## JURISDICTION AND VENUE

10.    This District Court is the proper venue and it has jurisdiction over this matter due to federal supplemental jurisdiction under section 1367 of Title 28 of the United States Code and the operation of Federal Rule of Civil Procedure 13.  These counterclaims arise out of the same transaction or occurrence as alleged in Plaintiffs' First Amended Complaint.

## GENERAL ALLEGATIONS

11.    This action arises from Counterdefendants' erroneous accounting practices that lead to the District mistakenly awarding sizeable bonuses to Counterdefendants.

12.    On December 3, 2008, the District Board of Directors ("Board") approved hundreds of thousands of dollars in bonuses to Counterdefendants for supposedly guiding the District to certain financial and non-financial goals and targets.

13.    However, the Counterdefendants and the District did not actually meet the necessary benchmarks to trigger the bonuses that were paid.

14.    It only seemed as though the requisite benchmarks had been met through erroneous accounting practices.

/ / /

HOOPER, LUNDY & BOOKMAN, P.C.
101 W. BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA  92101-3890
TEL: (619) 744-7300 • FAX: (619) 230-0987

3016931.3

ANSWER TO FIRST AMENDED COMPLAINT;
AFFIRMATIVE DEFENSES; AND COUNTERCLAIM

15.     As a result, Counterdefendants received significant sums of money to which they were not entitled.

16.     This Counterclaim seeks to recover the bonuses, which should not have been paid.

17.     Counterdefendants are all former officers and managers of the District. Counterdefendants formed the core of the District's management team for all times relevant to this Counterclaim.  At the times relevant to this Counterclaim, Counterdefendant Coleman served as District Vice President of Business Development, Counterdefendant Ellerbe served as District Vice President, Chief Operating Officer/Chief Nurse Executive, Counterdefendant Groszkruger served as District Director of Legal Services, Counterdefendant Howell served as District Vice President, Performance Improvement, Counterdefendant Labella served as District Director of Patient Accounting, Counterdefendant Sanderson served as District Vice President, Human Resources, and Counterdefendant Wardwell served as District Vice President and Chief Financial Officer.

18.     In 2007, the District approved a written incentive plan that applied to the Counterdefendants (the "Incentive Plan").  Pursuant to the Incentive Plan, each of the Counterdefendants was eligible to receive a sizeable bonus if certain financial goals and other non-financial benchmarks were met during the District's 2008 fiscal year.  The 2008 fiscal year for the District ran from July 1, 2007 through June 30, 2008.

19.     Under the Incentive Plan and depending on the Counterdefendants' and District's performance, Counterdefendants would be eligible for one of three tiers of bonuses, either (1) no bonus, (2) a bonus of up to a few thousand dollars each, or (3) a bonus measured by a percentage of each Counterdefendants' base salary, which could amount to tens of thousands of dollars each.

20.     In September 2008, after the District's 2008 Fiscal Year had concluded, the District calculated what bonuses, if any, were owing to the Counterdefendants.

21.     Based on the information available at the time, as prepared by and at the direction of Counterdefendants, the calculations and tabulations indicated that the Counterdefendants had met sufficient goals and benchmarks to qualify them for the bonuses under the Incentive Plan, namely payments based on a percentage of each Counterdefendant's salary.

HOOPER, LUNDY & BOOKMAN, P.C.
101 W. BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101-3890
TEL: (619) 744-7300 • FAX: (619) 230-0987

22.   On December 3, 2008, the District Board of Directors, which had a different membership than the present Board of Directors, convened a public meeting to evaluate the bonus calculations and evaluations.  Ultimately, the Board approved the recommended bonus payments under the Incentive Plan as calculated by Counterdefendants.  The Board approved the bonuses after a divided vote.

23.   Counterdefendant Coleman received a bonus of $33,241, Counterdefendant Ellerbe received a bonus of $46,301, Counterdefendant Groszkruger received a bonus of $21,000, Counterdefendant Howell received a bonus of $30,349, Counterdefendant Labella received a bonus of $15,490, Counterdefendant Sanderson received a bonus of $28,790, and Counterdefendant Wardwell received a bonus of $42,294.

24.   The District is informed and believes that while the Board may have believed, as of December 3, 2008, that the Counterdefendants and the District met the necessary benchmarks and goals, they did not.

25.   The District is informed and believes that erroneous accounting methods and practices overstated the District's revenue while understating the District's liabilities.  As a result, the bonuses were improperly paid based on an analysis of flawed financial data.

26.   For example, the amount of accounts receivable that the District could be expected to collect were overstated.  The accounts receivable included accounts that were uncollectible by virtue of age and other factors.

27.   In addition, models of expected future revenue were unsound.  The projected revenue models overstated what the District could reasonably expect to receive from third-party payors, who generate the bulk of the District's revenue.

28.   Among other things, the models failed to take into account the reality that a certain amount of claims will be rejected or denied by third-party payors.  Anticipated rejected and denied claims, if properly included in the model, would have reduced the forecasts and provided the Board with a more accurate projection of future revenue.

29.   The District and its Board was not aware of the accounting errors at the time that bonuses were determined under the Incentive Plan.  Had the Board been aware of the District's

HOOPER, LUNDY & BOOKMAN, P.C.
101 W. BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA  92101-3890
TEL: (619) 744-7300 • FAX: (619) 230-0987

ANSWER TO FIRST AMENDED COMPLAINT;
AFFIRMATIVE DEFENSES; AND COUNTERCLAIM

1  actual financial condition, no bonuses would have been paid.

2      30.    Errors were also made with respect to the non-financial benchmarks that had to be

3  satisfied before Counterdefendants were eligible for bonuses.

4      31.    For example, the District is informed and believes that employee satisfaction and

5  other quality goals were not actually met.

6      32.    Thus, neither the financial nor non-financial thresholds for bonuses under the

7  Incentive Plan were actually met.

8  **FIFTY-SECOND CAUSE OF ACTION**

9  **(Common Count)**

10      33.    Counterclaimant incorporates all of the allegations set forth in the above paragraphs

11  as though fully set forth herein.

12      34.    As a result of miscalculations, which were based on faulty underlying data, and

13  other errors the District paid bonuses to Counterdefendants by mistake.

14      35.    The District is informed and believes that Counterdefendant Coleman became

15  indebted to Counterclaimant in the sum of up to $33,241, Counterdefendant Ellerbe became

16  indebted to Counterclaimant in the sum of up to $46,301, Counterdefendant Groszkruger became

17  indebted to Counterclaimant in the sum of up to $21,000, Counterdefendant Howell became

18  indebted to Counterclaimant in the sum of up to $30,349, Counterdefendant Labella became

19  indebted to Counterclaimant in the sum of up to $15,490, Counterdefendant Sanderson became

20  indebted to Counterclaimant in the sum of up to $28,790, and Counterdefendant Wardwell became

21  indebted to Counterclaimant in the sum of up to $42,294.

22      36.    Counterclaimant has demanded payment from Counterdefendants.

23      37.    No payment has been made by Counterdefendants to Counterclaimant.

24  **PRAYER FOR RELIEF**

25      WHEREFORE, the Counterclaimant prays for judgment against the Counterdefendants,

26  and each of them, as follows:

27      (1) For the return of any bonuses that were paid to Counterdefendants in error;

28      (2) For a declaration of the amount that the Counterdefendants are required to

HOOPER, LUNDY & BOOKMAN, P.C.
101 W. BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101-3890
TEL: (619) 744-7300 • FAX: (619) 230-0987

1   return to the District as the result of the mistaken payments;

2          (3) For costs of suit herein incurred; and,

3          (4) For such further relief as the Court deems just and proper.

4   DATED: October 14, 2010          HOOPER, LUNDY & BOOKMAN, P.C.

5

6                                  By: / s / Blake R. Jones
                                       CARY W. MILLER
7                                      BLAKE R. JONES
                                   Attorneys for Defendants ROSEMARIE RENO,
8                                  CHARLENE ANDERSON, GEORGE COULTER,
                                   LARRY ANDERSON and TRI-CITY HEALTHCARE
9                                  DISTRICT and Counterclaimant TRI-CITY
                                   HEALTHCARE DISTRICT

10

11

HOOPER, LUNDY & BOOKMAN, P.C.
101 W. BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101-3890
TEL: (619) 744-7300 • FAX: (619) 230-0987

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Diego, State of California. My business address is 101 W. Broadway, Suite 1200, San Diego, California 92101-3890.

On October 14, 2010, I served true copies of the following document(s) described as **DISTRICT DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT; AFFIRMATIVE DEFENSES; AND COUNTERCLAIM FOR MONEY HAD AND RECEIVED** on the interested parties in this action as follows:

Ray J. Artiano, Esq.                                    Attorneys for Plaintiffs
Robert M. Mahlowitz, Esq.
Stutz Artiano Shinoff & Holtz, APC
2488 Historic Decatur Road, Suite 200
San Diego, CA  92106
Telephone:  619-232-3122
Facsimile:  619-232-3264
E-mail:  rartiano@stutzartiano.com

Thomas L. Tosdal, Esq.                               Attorneys for Defendant, Kathleen Sterling
Tosdal, Smith, Steiner & Wax
401 West A Street, Suite 320
San Diego, CA  92101
Telephone:  619-239-7200
Facsimile:  619-239-6048
E-mail:  ttosdal@tosdalsmith.com

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 14, 2010, at San Diego, California.


/ s / Blake R. Jones
Blake R. Jones

HOOPER, LUNDY & BOOKMAN, P.C.
101 W. BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101-3890
TEL: (619) 744-7300 • FAX: (619) 230-0987

ANSWER TO FIRST AMENDED COMPLAINT;
AFFIRMATIVE DEFENSES; AND COUNTERCLAIM