UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>KATHLEEN STERLING, et al.,<br><br>    Defendants. | CASE NO.09-CV-1594 W (BGS)<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT [DOC. 69]** |

Pending before the Court is Plaintiffs' motion for leave to file a second amended complaint. Specifically, Plaintiffs seek to add Joseph McFaul as a defendant to the existing Seventh Claim for violation of 42 U.S.C. § 1983 based on the deprivation of rights under the Fourteenth Amendment of the United States Constitution.[1] Defendants oppose.

The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d)(1). For the following reasons, the Court **DENIES** Plaintiffs' motion. (Doc. 69.)

---

[1] The motion also sought to add Julie Biggs as a defendant to the Seventh Claim. However, Plaintiffs have since filed a notice withdrawing their request to add Biggs as a defendant. (Doc. 78.)

## I. BACKGROUND[2]

On April 16, 2010, Plaintiffs filed a First Amended Complaint ("FAC"), the operative complaint in this action. (Doc. 34.)

Plaintiffs were all senior executives employed by Defendant Tri-City Healthcare District ("District"), a public entity under state law, under written employment agreements, and written procedures and policies adopted by the District. (*FAC* ¶¶ 11, 125 [Doc. 34].) In December 2008, Plaintiffs were placed on administrative leave "without any notice or explanation." (*FAC* ¶ 127.) On April 23, 2009, Defendants terminated Plaintiffs' employment "without providing the materials, facts and evidence upon which their contracts were terminated, without having provided timely notice of the allegations of employment wrongdoing[,] and without an opportunity to meaningful [sic] respond to the charges against them." (*FAC* ¶ 128.) On July 15, 2009, Plaintiffs filed a complaint for breach of contract, constitutional violations, breach of the California Labor Code, defamation, and intentional infliction of emotional distress against Defendants.

McFaul is an attorney who was retained by the District to perform an investigation concerning accusations of misconduct involving Plaintiffs. (*McFaul Decl.* ¶¶ 2, 3 [Doc. 62]; *SAC* ¶ 55 [Doc. 69-2].) According to the allegations in the Proposed SAC, McFaul prepared reports "constituting over 250 pages containing allegations of wrongdoing against [Plaintiffs] in concert with Defendant Larry Anderson and [] Biggs." (*SAC* ¶ 134.) Plaintiffs allege that "[t]hese reports were secretly presented to the District Board which relied upon the information when authorizing Defendant Larry Anderson to terminate [Plaintiffs]." (*Id.*) Plaintiffs further allege that McFaul, Biggs, and Defendant Anderson "agreed to work together with the intent to terminate

---

[2] The relevant facts for the pending motion are as follows. Some of the allegations below are contained in Plaintiffs' Proposed Second Amended Complaint ("SAC"), which is attached as Exhibit A to Robert M. Mahlowitz's Declaration. (Doc. 69-2.)

1  [Plaintiffs] in violation of Section 1983 and the due process protections . . . by
2  concealing evidence of alleged wrongdoing from [Plaintiffs], preventing them from
3  addressing the evidence assembled against them, crafting a termination procedure that
4  offered no pre or post-termination hearing . . . ." (*Id.*)

5  On November 30, 2010, Plaintiffs filed the instant motion for leave to file a
6  second amended complaint that seeks to add McFaul as a defendant to the Seventh
7  Claim for violation of 42 U.S.C. § 1983. Defendants oppose. (Docs. 75, 76.)

## II. LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been served, a party may amend its complaint only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires," and apply this policy with "extreme liberality." Id.; DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). However, leave to amend is not to be granted automatically. Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (citing Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990)). Granting leave to amend rests in the sound discretion of the district court. Pisciotta v. Teledyne Indus., Inc., 91 F.3d 1326, 1331 (9th Cir. 1996).

The Court considers five factors in assessing a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of the amendment, and (5) whether the plaintiff has previously amended the complaint. Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004). Of these factors, prejudice to the opposing party carries the greatest weight. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). However, absent prejudice, a strong showing of the other factors may support denying leave to amend. See id.; Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990) (holding that futility supports a court's decision to deny a motion for leave to amend).

1    Futility is a measure of the amendment's legal sufficiency. "[A] proposed
2 amendment is futile only if no set of facts can be proved under the amendment . . . that
3 would constitute a valid and sufficient claim or defense." <u>Miller v. Rykoff-Sexton, Inc.</u>,
4 845 F.2d 209, 214 (9th Cir. 1988). Thus, the test of futility is identical to the one
5 applied when considering challenges under Rule 12(b)(6) for failure to state a claim
6 upon which relief may be granted. <u>Baker v. Pac. Far East Lines, Inc.</u>, 451 F. Supp. 84,
7 89 (N.D. Cal. 1978); see <u>Saul v. United States</u>, 928 F.2d 829, 843 (9th Cir. 1991) ("A
8 district court does not err in denying leave to amend . . . where the amended complaint
9 would be subject to dismissal." (citation omitted)).

## III.   DISCUSSION

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must demonstrate that the defendants: (1) were acting under color of state law, and (2) deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Kildare v. Saenz</u>, 325 F.3d 1078, 1085 (9th Cir.2003). Generally, a private individual is not acting under color of state law. <u>Price v. Hawaii</u>, 939 F.2d 702, 707-08 (9th Cir. 1991). "Private attorneys do not act under color of state law when engaged in the private practice of law." <u>Rushdan v. Hale</u>, No. C02-1325TEH(PR), 2002 WL 981863, at *1 (N.D. Cal. May 7, 2002) (citing <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1345 (9th Cir. 1981)); <u>see also</u> <u>Polk Cnty. v. Dodson</u>, 454 U.S. 312, 325 (1981) ("[A] lawyer representing a client is not . . . a state actor 'under color of state law' within the meaning of § 1983."). However, a private individual can be held liable under § 1983 only if "the actions complained of are 'fairly attributable' to the government." <u>Morse v. N. Coast Opportunities, Inc.</u>, 118 F.3d 1338, 1340 (9th Cir. 1997).

"[A]n otherwise private person acts 'under of color of' state law when engaged in a conspiracy with state officials to deprive another of federal rights." <u>Tower v. Glover</u>, 467 U.S. 914, 920 (1984). To prove a conspiracy between the state and private

individuals under § 1983, the plaintiff must allege facts with sufficient particularity to show an agreement or meeting of the minds to violate constitutional rights. <u>Margolis v. Ryan</u>, 140 F.3d 850, 853 (9th Cir. 1998); <u>Woodrum v. Woodward Cnty.</u>, 866 F.2d 1121, 1126 (9th Cir. 1989). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each must at least share the common objective of the conspiracy." <u>Franklin v. Fox</u>, 312 F.3d 423, 441 (9th Cir. 2002) (internal quotations omitted). Moreover, conclusory allegations are insufficient to state a claim of conspiracy. <u>Simmons v. Sacramento Cnty. Superior Court</u>, 318 F.3d 1156, 1161 (9th Cir. 2003); <u>see</u> Fed. R. Civ. P. 9; <u>Price</u>, 939 F.2d at 707-09 (allegations of conspiracy are subject to a heightened pleading requirement).

In this case, Plaintiffs allege that McFaul conspired with Defendants to terminate Plaintiffs' employment in violation of § 1983 and their due-process rights. The SAC includes conduct that allegedly violated Plaintiffs' rights, such as denying access to the investigative reports and crafting a termination procedure that did not offer a hearing. However, the facts pled do not suggest McFaul engaged in these acts. Rather, the facts pled show that McFaul conducted an investigation, and then produced and presented reports of his findings to *his client*, the District, as a private attorney. Furthermore, McFaul working "in concert" with Defendants does not suggest a conspiracy given that attorneys traditionally *must* work with their clients in representing them. McFaul's conduct was well within the traditional duties of a private attorney. Therefore, Plaintiffs' proposed amendment is futile because they fail to allege facts with sufficient particularity to show an agreement or meeting of the minds between McFaul and his clients to violate Plaintiff's constitutional rights.

//
//
//
//

IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' motion for leave to file a second amended complaint. (Doc. 69.)

**IT IS SO ORDERED.**

DATE: March 7, 2011

HON. THOMAS J. WHELAN
United States District Judge
Southern District of California