1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                      SOUTHERN DISTRICT OF CALIFORNIA

10

11   ALLEN COLEMAN; *et al.*,                    Civil No.    09-CV-1594-W (BGS)

12                              Plaintiffs,
                                                **ORDER REGARDING JOINT**
13            v.                                **DISCOVERY MOTION NO. 1 IN RE**
                                                **PLAINTIFFS' REQUEST FOR**
     KATHLEEN STERLING; *et al.*,               **UNREDACTED COPIES OF**
14                                              **INVESTIGATIVE REPORTS**
                              Defendants,
15   ———————————————————————

16   AND RELATED CLAIMS.

17
            The parties to this action filed a joint discovery motion regarding Plaintiffs' request for
18
     unredacted copies of the investigative reports prepared by Sedgwick, Detert, Moran and Arnold LLP
19
     ("SDMA"). (Doc. No. 55.) The investigative reports concern SDMA's investigation of Plaintiffs and
20
     former Tri-City Healthcare District ("TCHD") Chief Executive Officer Art Gonzalez.   Defendant
21
     TCHD refuses to produce unredacted copies of the investigative reports on the grounds that the
22
     redacted portions are protected by the attorney-client privilege and the attorney work product doctrine.
23
            The Court, pursuant to its discretion under Civ.L.R. 7.1(d)(1), determines that the parties'
24
     joint discovery motion no. 1 is suitable for resolution without oral argument and submits it on the
25
     papers.  For the reasons set forth below, the Court grants Plaintiffs' request for unredacted copies of
26
     the investigative reports.
27
                                        **Dispute Background**
28
            Plaintiffs are former healthcare executives of Defendant TCHD.  TCHD placed Plaintiffs

                                                 1

on paid administrative leave on December 19, 2008 and retained the law firm of SDMA to conduct an investigation of each Plaintiff for potential misconduct and poor job performance and to thereafter report its findings. Attorney Joseph McFaul of SDMA conducted the investigation. McFaul prepared and provided TCHD with three written investigative reports. A fourth, non-attorney report was also provided to TCHD. Based upon these reports, TCHD's Board of Directors authorized then interim Chief Executive Officer, Defendant Larry Anderson, to terminate Plaintiffs. Plaintiffs were terminated on April 24, 2009.

As part of TCHD's initial disclosures in this case, TCHD produced portions of the investigative reports that it contends contains or discusses factual findings. TCHD redacted limited portions of these reports where SMDA provided legal advice or analysis on certain legal issues on the ground that such advice or analysis is protected by the attorney-client privilege and the attorney work-product doctrine. TCHD produced 364 pages containing the four reports, 292 of which were prepared by attorney McFaul, and redacted pages 157-61, 168, 173-74, and 201. Plaintiffs now seek production of the unredacted copies of the investigative reports.

### Discussion

Plaintiffs brought this action against Defendants for wrongful termination, age discrimination in violation of FEHA, breach of the implied covenant of good faith and fair dealing, a writ of mandate, declaratory relief, defamation per se, denial of a liberty interest and due process under 42 U.S.C. §1983, California Labor Code violations, and intentional infliction of emotional distress. Therefore, Plaintiffs assert one federal cause of action along with several state law claims. Defendants assert one state law based counterclaim for money had and received. "Where there are federal question claims and pendent state law claims present, the federal law of privilege applies." *Agster v. Maricopa County*, 422 F.3d 836, 839 (9th Cir. 2005).

### I. Attorney-Client Privilege

The parties do not dispute that the redacted reports at issue were written by an attorney to a client. However, not all attorney-client communications are privileged. The burden of proving that the attorney-client privilege applies rests not with the party contesting the privilege, but with the party asserting it. *Weil v. Investment/Indicators, Research and Management, Inc.*, 647 F.2d 18, 25 (9th

Cir.2005). The Ninth Circuit typically applies an eight part test to determine whether material is protected by the attorney-client privilege:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*In re Grand Jury Investigation*, 974 F.2d 1068, 1071 n. 2 (9th Cir.1992) *(quoting United States v. Margolis (In re Fischer)*, 557 F.2d 209, 211 (9th Cir.1977)).  "The privilege is limited to 'only those disclosures-necessary to obtain informed legal advice-which might not have been made absent the privilege.'" Id. at 1070 (*quoting Fisher v. United States*, 425 U.S. 391, 403 (1976)).  "The attorney-client privilege [also protects] an attorney's advice in response" to a client's request for legal advice. *United States v. Bauer*, 132 F.3d 504, 507 (9th Cir.1997) (citation omitted).

        The Court finds that the investigative reports prepared by McFaul, an attorney, for his client, TCHD, are subject to the attorney-client privilege.  In reviewing portions of the reports produced to Plaintiffs and attached to the instant motion, McFaul provides TCHD with legal advice and analysis regarding his investigation into allegations against Plaintiffs.  For example, in a discussion regarding failure to report adverse events as required by law, McFaul lays out the legal background regarding reporting requirements, cites to California Health & Safety Code provisions, discusses TCMC's reporting rate, and analyzes an unreported adverse event and the attendant civil fines expected to be assessed as a result.  (Doc. No. 55-2, Ex. 7 at 67-68.)  In another section of the report following a discussion on a "contracts management problem," McFaul concludes that, "[t]he longstanding contracts management problem exposes the District to employee fraud, overpayments, inadvertent but preventable Stark Act violations and District liability for the actions of other contracting parties, including but not limited to HIPAA violations.  From a legal perspective, the situation is intolerable and has been since at least 2006." (*Id.*, Ex. 7 at 69.)  Each page of the reports is marked with a designation stating "Confidential Attorney-client Communication" and the reports are prefaced by a warning regarding confidentiality and duties, which states that "all expressions of fact or opinion in this report fall within the attorney-client privilege and attorney work-product privilege and must not be disseminated in any way to third parties."  (*Id.*, Ex. 7 at 47, 51.)  These are

1    communications that render legal advice and analysis and were made in confidence from a
2    professional legal adviser to a client that sought the legal advice.

3         The Court is not persuaded by Plaintiffs' argument that the reports are not privileged
4    communications because their primary purpose was gathering facts. (Doc. No. 55 at 6.) Plaintiffs
5    assert that TCHD Board members have testified that the reports were created for the primary purpose
6    of gathering facts, but fail to cite to any such testimony. The reports state in an initial warning section
7    regarding confidentiality, privileges and duties that "[t]he employees who are the subjects of this
8    investigation are represented by counsel who has threatened legal action against their employer Tri-
9    City Healthcare District. This report is prepared anticipating that legal action that may occur." (Doc.
10   No. 55-2, Ex. 7 at 47.) In a supplemental report, it states that the supplemental report was prepared
11   to provide conclusions and recommendations and also states that counsel is prepared to address in
12   closed session the consequences of the decision that the Board may elect to make. (Id., Ex. 7 at 52.)
13   This supplemental report has a title of "Independent Investigation Supplemental Report, Analysis of
14   Facts and Law, Recommendations for Action on Eight Executives on Paid Administrative Leave for
15   Tri-City Healthcare District." (Id., Ex. 7 at 50; *see also id.*, Ex. 7 at 65.)  The Court, in reviewing
16   the reports, does not find that they primarily serve as fact-finding communications, but largely contain
17   legal analysis, advice, and recommendations. Accordingly, the Court finds the reports are subject to
18   the attorney-client privilege.

19   **II. Work Product Doctrine**

20        Defendant TCHD asserts that the redacted portions of McFaul's reports are also protected
21   by the attorney work product doctrine and are therefore not subject to disclosure. (Doc. No. 55 at 3.)
22   A document is eligible for work product protection under Rule 26(b)(3) if "in light of the nature of
23   the document and the factual situation in the particular case, the document can be fairly said to have
24   been prepared or obtained because of the prospect of litigation." *In re Grand Jury Subpoena*, 357 F.3d
25   900, 907 (9th Cir.2004) (quotation and citation omitted). The Court finds that these reports were
26   prepared because of the prospect of litigation, as the introductory section of the reports specifically
27   states, "t]he employees who are the subjects of this investigation are represented by counsel who has
28   threatened legal action against their employer Tri-City Health Care District. This report is prepared

09cv1594-W

1    anticipating that legal action that may occur."  (Doc. No. 55-2, Ex. 7 at 47.)

2    **III.  Waiver of the Attorney-Client Privilege and Work Product Protection**

3            Plaintiffs argue that TCHD waived the attorney-client privilege with respect to the redacted

4    portions of the reports by  voluntarily disclosing part of the communications and by relying on the

5    advice of counsel to justify its termination of Plaintiffs.[1]  Federal Rule of Evidence 502(a) provides

6    that when a disclosure is made in a Federal proceeding and the disclosure waives the attorney-client

7    or work-product protection, the waiver extends to an undisclosed communication if the waiver is

8    intentional, the disclosed and undisclosed communications or information concern the same subject

9    matter, and they ought in fairness be considered together.

10           The Court finds that TCHD voluntarily and intentionally waived the attorney-client

11   privilege and work product protection of McFaul's reports by disclosing substantially all of the reports

12   in its Rule 26 initial disclosures in this case and by relying on the reports to justify the termination of

13   Plaintiffs.  Defendant TCHD asserts that Anderson did not rely on the legal advice contained in the

14   redacted pages, but relied instead solely on the factual findings contained in the pages produced to

15   Plaintiffs, other factual information he received prior to these reports, and other business consider-

16   ations.  (Doc. No. 55 at 2-3.)  However, as discussed above, the pages produced to the Plaintiffs by

17   TCHD do contain legal advice, opinion, and analysis and do not contain solely factual findings as

18   TCHD suggests.  The Court has found the reports subject to the attorney-client privilege and work

19   product protection.  "[L]itigants cannot hide behind the privilege if they are relying upon privileged

20   communications to make their case. 'The attorney-client privilege cannot at once be used as a shield

21   and a sword.'"  *In re Lott*, 424 F.3d 446, 454 (6th Cir.2005) (quoting *United States v. Bilzerian*, 926

22   F.2d 1285, 1292 (2d Cir .1991); *see also Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th

23   Cir.1992).  The injection of the advice of counsel waives "the attorney-client privilege as to

24   communications and documents relating to the advice."  *Handgards, Inc. v. Johnson & Johnson*, 413

25   F.Supp. 926, 929 (N.D.Cal.1976).  McFaul's reports contain 292 pages, only nine of which have been

26

27   [1]

28      Plaintiffs only argue for waiver of attorney-client privilege and do not address Defendant TCHD's
        argument that these materials are also protected by the work product doctrine.  The Court addresses both
        under Rule 502(a).

redacted and not produced.  In the Court's review of the excerpts provided of some of the other 292 pages, there is legal analysis, opinion, and advice provided to TCHD.  TCHD asserts that its CEO relied on the portions of the reports produced in making his decision to terminate Plaintiffs. TCHD may not use the privilege and work product protection of these reports as both a sword and shield.

The disclosed and undisclosed communications also concern the same subject matter, McFaul's investigations of Plaintiffs.  The Court finds that fairness in this case dictates that TCHD may not selectively disclose privileged and work product information and that the disclosed and undisclosed portions of McFaul's reports be considered together.  Therefore, because TCHD has voluntarily produced portions of privileged and work product communications in this litigation and relies on the disclosed portions, it has waived the privilege and work product immunity as to the remainder under Fed.R.Evid. 502(a) and must produce the redacted portions of McFaul's reports.

### Conclusion

The Court, for the reasons set forth above, grants Plaintiffs' request to compel Defendant Tri-City Healthcare District to produce the unredacted copies of McFaul's investigative reports. Defendant shall produce unredacted copies of the investigative reports to Plaintiffs no later than **April 1, 2011**.

**IT IS SO ORDERED**.

DATED: March 24, 2011

**BERNARD G. SKOMAL**
United States Magistrate Judge