# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN COLEMAN, et al.,<br><br>Plaintiffs,<br>v.<br><br>KATHLEEN STERLING, et al.,<br><br>Defendants. | CASE NO: 09-CV-1594 W (BGS)<br><br>**ORDER:**<br><br>**(1) SUSTAINING COUNTERCLAIMANT'S OBJECTION [DOC. 73],**<br><br>**(2) DENYING COUNTERDEFENDANTS' MOTION TO DISMISS COUNTERCLAIM [DOC. 67], AND**<br><br>**(3) DENYING COUNTERDEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT [DOC. 67]** |
| TRI-CITY HEALTHCARE DISTRICT,<br><br>Counterclaimant,<br>v.<br><br>ALLEN COLEMAN, et al.,<br><br>Counterdefendants. | |

On October 14, 2010, Counterclaimant Tri-City Healthcare District ("District") filed a counterclaim for a common count against Counterdefendants Allen Coleman, Suellyn Ellerbe, Dan Groszkruger, Terry Howell, Doreen Sanderson, and Robert Wardwell (collectively, "Counterdefendants"). The counterclaim is based on the

allegation that erroneously calculated bonus payments mistakenly paid to Counterdefendants have not been returned. On November 4, 2010, Counterdefendants moved to dismiss, and in the alternative, moved for a more definite statement. The District opposes the motion and objects to Counterdefendants' reply.

The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d)(1). For the following reasons, the Court **SUSTAINS** the District's objection (Doc. 73), **DENIES** Counterdefendants' motion to dismiss (Doc. 67), and **DENIES** Counterdefendants' motion for a more definite statement (Doc. 67).

## I.   BACKGROUND

Counterdefendants were all senior executives employed by the District under written employment agreements. (*First Am. Compl. ("FAC")* ¶¶ 11, 125 [Doc. 34].) According to a written incentive plan, they were each "eligible to receive sizeable bonus[es] if certain financial goals and other non-financial benchmarks were met." (*Countercl.* ¶ 23 [Doc. 54].)

In September 2008, the District calculated the bonuses apparently owed to Counterdefendants. (*Countercl.* ¶ 20.) Based on the information available at the time, as allegedly prepared by and at the direction of Counterdefendants, the calculations and tabulations indicated that Counterdefendants had met sufficient goals and benchmarks to qualify them for bonuses. (*Id.* ¶ 21.) On December 3, 2008, the District Board of Directors awarded bonuses to each of the counterdefendants. (*Id.* ¶ 12.)

However, the District alleges that "[Counterdefendants] did not actually meet the necessary benchmarks to trigger the bonuses that were paid." (*Countercl.* ¶ 13.) It only seemed as though the requisite benchmarks had been met through allegedly erroneous accounting practices. (*Id.* ¶ 14.) Specifically, the erroneous accounting methods and practices overstated revenue and understated liabilities. (*Id.* ¶ 25.) As a result, bonuses were improperly paid based on flawed financial data. (*Id.*) The District

alleges that it demanded payment from Counterdefendants, but no payment has been made.[1]  (*Id.* ¶¶ 36–37.)

On December 18, 2008, Counterdefendants were each placed on administrative leave.  (*FAC* ¶ 47.)  On April 23, 2009, they were all terminated.  (*Id.* ¶ 57.)

On July 15, 2009, Counterdefendants filed a complaint in San Diego Superior Court.  Shortly thereafter, the lawsuit was removed to this Court.  After having several causes of action dismissed, Counterdefendants filed their First Amended Complaint on April 16, 2010.  It includes nine state-law causes of action and a tenth for an alleged violation of 42 U.S.C. § 1983.  Each cause of action relates to or arises out of Counterdefendants' termination from the District.

On October 14, 2010, the District filed a counterclaim for a common count along with its answer.  On November 4, 2010, Counterdefendants moved to dismiss the counterclaim, or, in the alternative, moved for a more definite statement.  The District opposes the motion.  On December 12, 2010, Counterdefendants filed a reply.  The District objects to the reply.

## II.  MOTION TO DISMISS - RULE 12(B)(6)

### A.  Legal Standard

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted.  Fed.R.Civ.P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency.  See N. Star Int'l v. Ariz. Corp. Comm'n., 720 F.2d 578, 581 (9th Cir. 1983).  All material allegations in the complaint, "even if doubtful in fact," are assumed to be true.  Id.  The court must assume the truth of all factual allegations and must "construe them in light most favorable to the nonmoving party."

---

[1] The specific amounts of the alleged debts owed by each counterdefendant are as follows: Allen Coleman for $33,241; Suellyn Ellerbe for $46,301; Dan Groszkruger for $21,000; Terry Howell for $30,349; Ondrea Labella for $15,490; Doreen Sanderson for $28,790; and Bob Wardwell for $42,294.  (*Countercl.* ¶ 35.)

Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002); see also Walleri v. Fed. Home Loan Bank of Seattle, 83 F.3d 1575, 1580 (9th Cir. 1996).

As the Supreme Court has explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1964-65. A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, courts may consider documents specifically identified in the complaint whose authenticity is not questioned by parties. Fecht v. Price Co., 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superceded by statutes on other grounds). Moreover, courts may consider the full text of those documents, even when the complaint quotes only selected portions. Id. The court may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

### B. Counterdefendants Raise Arguments for the First Time in Their Reply Brief.

"The district court need not consider arguments raised for the first time in a reply brief." Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007). In their motion, Counterdefendants argue that the District's claim for a common count is defective under Rule 12(b)(6) because it fails to allege "payment for goods or services provided by the plaintiff, received by defendant, for which the defendant has refused to make

payment." (*Mot. to Dismiss* 6:3–5 [Doc. 67].) However, in their reply, Counterdefendants raise new arguments for the first time. Specifically, they argue that the District's claim for a common count sounds in fraud and thus the heightened pleading requirements of Rule 9(b) apply. (*Reply* 2:15–16 [Doc. 72].) Shifting the basis of an argument from one rule of civil procedure to another—as Counterdefendants do here—clearly demonstrates that Counterdefendants raise a new argument for the first time in their reply.

Accordingly, the Court **SUSTAINS** the District's objection and will not consider the arguments Counterdefendants raise for the first time in their reply.

### C. The District's Claim for a Common Count Is Properly Pled.

The essential allegations of a common count are: "(1) the statement of indebtedness in a certain sum, (2) the consideration, i.e., goods sold, work done, etc., and (3) nonpayment." Farmers Ins. Exch. v. Zerin, 53 Cal. App. 4th 445, 460 (1997) (internal quotation marks omitted); see also Manneh v. Iverness Med. Innovations, Inc., No. 08cv653 WQH (AJB), 2009 WL 4642390, at *11 (S.D. Cal. Dec. 1, 2009) (Hayes, J.). A cause of action for money had and received[2] is stated if it is alleged that the defendant "is indebted to the plaintiff in a certain sum 'for money had and received by the defendant for the use of the plaintiff.'" Schultz v. Harney, 27 Cal. App. 4th 1611, 1623 (1994). "It makes no difference in such a case that the proof shows the original transaction to be an express contract, a contract implied in fact, or a quasi-contract." Util. Audit Co., Inc. v. City of Los Angeles, 112 Cal. App. 4th 950, 957 (2003) (internal quotations marks omitted). "A claim for money had and received can be based upon

---

[2] An action for "money had and received" is one of the common counts. See Jogani v. Superior Court, 165 Cal. App. 4th 901, 910 (2008) ("[The California] Supreme Court held that money had and received—one of the common counts of assumpsit—is an action at law."). The two terms are used interchangeably here.

money paid by mistake, money paid pursuant to a void contract, or a performance by one party of an express contract." Id.

Here, the District seeks to recover money mistakenly paid to each of the counterdefendants. In the counterclaim, the District alleges the specific amounts of the debts owed by each counterdefendant to the District. It also alleges that it demanded payment but no payment has been made. Thus, the District sufficiently alleges indebtedness and nonpayment.

The remaining issue is whether the District sufficiently alleges consideration. Counterdefendants suggest that consideration in a claim for a common count is equivalent to consideration as applied in contract law. However, this suggestion is wrong. A claim for money had and received can be based upon money paid by mistake, as is the case here. See Util. Audit Co., 112 Cal. App. 4th at 957. "It is well settled that no contract is necessary to support an action for money had and received other than the implied contract which results by operation of law where one person receives the money of another which he has no right, conscientiously, to retain." Stratton v. Hanning, 139 Cal. App. 2d 723, 728 (1956). "Under such circumstances, the law will imply a promise to return the money." Id. In its counterclaim, the District alleges that it "paid bonuses to Counterdefendants by mistake." (*Countercl.* ¶ 34.) That is, Counterdefendants received the District's money which it had no right to retain. See id. This allegation alone is sufficient to satisfy the consideration element. But the District went further and alleges facts explaining the circumstances that led to the mistaken overpayments, including examples of some of the erroneous accounting practices.

Therefore, the District's claim for a common count is properly pled, and the Court **DENIES** Counterdefendants' motion to dismiss.

//
//
//

### III. MOTION FOR A MORE DEFINITE STATEMENT - RULE 12(e)

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); see Bureerong v. Uvawas, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996) ("[A] motion for a more definite statement should not be granted unless the defendant literally cannot frame a responsive pleading."). "A motion for a more definite statement is used to provide a remedy for an unintelligible pleading rather than a correction for lack of detail." N. Cnty. Commc'ns Corp. v. Sprint Commc'ns Co., L.P., No. 09-cv-02685 BEN (WMc), 2010 WL 1499289, at *1 (S.D. Cal. Apr. 12, 2010) (Benitez, J.). Furthermore, the motion may be denied where the detail sought is obtainable through discovery. C.B. v. Sonora Sch. Dist., 691 F. Supp. 2d 1170, 1190-91 (E.D. Cal. 2010). Motions for a more definite statement are generally viewed with disfavor and are rarely granted. Cellars v. Pac. Coast Packaging, Inc., 189 F.R.D. 575, 578 (N.D. Cal. 1999).

Here, Counterdefendants fail to describe any vagueness or ambiguity in the District's pleadings. Rather, they merely append the words "more definite statement"—five times, to be exact (*Mot. to Dismiss* 1:16, 1:28, 5:1, 5:18, 6:15)—throughout their motion. Merely stating that a more definite statement is warranted without any explanation does not make it so. Furthermore, the Court concluded above that the District properly pled their claim for a common count. This necessarily leads to the conclusion that the District's claim is neither vague nor ambiguous because a cognizable claim for relief cannot be vague or ambiguous.

Accordingly, the Court **DENIES** Counterdefendants' motion for a more definite statement.

//
//
//

**IV.  CONCLUSION & ORDER**

In light of the foregoing, the Court **SUSTAINS** the District's objection (Doc. 73), **DENIES** Counterdefendants' motion to dismiss (Doc. 67), and **DENIES** Counterdefendants' motion for a more definite statement.

**IT IS SO ORDERED.**

DATED: May 3, 2011

_____
Hon. Thomas J. Whelan
United States District Judge