1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

ALLEN COLEMAN, et al.,

                                    Plaintiffs,

        v.

KATHLEEN STERLING, et al.,

                                    Defendants.

AND RELATED CROSS ACTIONS.

CASE NO: 09-CV-1594 W (BGS)

**ORDER OVERRULING
DEFENDANTS' OBJECTION TO
MAGISTRATE JUDGE'S
MARCH 24, 2011 DISCOVERY
ORDER [DOCS. 94, 96]**

        Pending before the Court is Defendants' objection to United States Magistrate Judge Bernard G. Skomal's March 24, 2011 discovery order.  (Doc. 91.)  Judge Skomal granted Plaintiffs' request for the unredacted copies of the investigative reports prepared by Sedgwick, Detert, Moran and Arnold LLP ("SDMA"), and ordered Defendants to produce the copies to Plaintiffs.  The reports concern SDMA's investigation of Plaintiffs and former Tri-City Healthcare District ("TCHD") Chief Executive Officer Art Gonzalez.

The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1). For the following reasons, the Court **OVERRULES** Defendants' objection. (Docs. 94, 96.)

## I.   BACKGROUND

Plaintiffs are former senior executives of Defendant TCHD. On December 18, 2008, TCHD placed Plaintiffs on paid administrative leave to investigate their potential misconduct and poor job performance. TCHD retained law firm SDMA to conduct the investigation and report its findings. Attorney Joseph McFaul of SDMA conducted the investigation. McFaul prepared and provided TCHD with three written investigative reports. A fourth non-attorney report was also provided to TCHD. Based on these reports, TCHD's Board of Directors authorized then-interim Chief Executive Officer, Defendant Larry Anderson, to terminate Plaintiffs. On April 24, 2009, Plaintiffs were terminated.

On July 15, 2009, Plaintiffs filed a complaint in San Diego Superior Court, and on July 22, 2009, the lawsuit was removed to this Court. As a part of TCHD's initial disclosures, TCHD produced substantial portions of the investigative reports that it contended contain or discuss factual findings. However, TCHD redacted several sections of these reports. It contended that the redacted materials are protected by attorney-client privilege and the work-product doctrine. TCHD produced 364 pages containing the four reports—292 of which were prepared by McFaul—but redacted pages 157-61, 168, 173-74 and 201. Thereafter, Plaintiffs sought production of the unredacted copies of the investigative reports.

On October 29, 2010, the parties filed a joint motion for discovery regarding the investigative reports. On March 24, 2011, Judge Skomal granted Plaintiffs' request for the unredacted copies, and ordered Defendants to produce these copies to Plaintiffs no later than April 1, 2011. Judge Skomal found that the unredacted investigative reports are protected by attorney-client privilege and the work-product doctrine. However, he

further found that Defendants waived these protections because: (1) they voluntarily produced and relied on these reports; (2) the disclosed and undisclosed communications concern the same subject matter, McFaul's investigation of Plaintiffs; and (3) fairness dictates that TCHD may not selectively disclose privileged and work-product protected information.

Defendants did not comply with the deadline to produce the unredacted copies. Rather, on April 11, 2011, they filed an objection to Judge Skomal's March 24, 2011 discovery order. Then, on April 20, 2011, Defendants submitted the unredacted copies of the investigative reports to this Court and requested an *in camera* review. Plaintiffs oppose the objection and the request for an *in camera* review.

## II.   STANDARD OF REVIEW

A party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order. See Fed. R. Civ. P. 72(a). The magistrate judge's order will be upheld unless it is "clearly erroneous or contrary to law." Id.; 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters. F.D.I.C. v. Fid. & Deposit Co. of Md., 196 F.R.D. 375, 378 (S.D. Cal. 2000); Joiner v. Hercules, Inc., 169 F.R.D. 695, 697 (S.D. Ga. 1996) (reviewing magistrate judge's order addressing attorney-client issues in discovery for clear error). Review under this standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed." Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. of S. Cal., 508 U.S. 602, 623 (1993) (internal quotation marks omitted).

On the other hand, the "contrary to law" standard permits independent review of purely legal determinations by a magistrate judge. See, e.g., Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3d Cir. 1992) ("the phrase 'contrary to law' indicates plenary review as to matters of law."); Gandee v. Glaser, 785 F. Supp. 684, 686 (S.D. Ohio

1992), aff'd, 19 F.3d 1432 (6th Cir. 1994) ("Thus, [the district court] must exercise its independent judgment with respect to a magistrate judge's legal conclusions."); 12 Charles A. Wright, et al., Federal Practice and Procedure § 3069 (2d ed., 2010 update). "A decision is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure."  United States v. Cathcart, No. C 07-4762 PJH, 2009 WL 1764642, at *2 (N.D. Cal. June 18, 2009).

## III.   DISCUSSION

Subject-matter waiver is governed by Federal Rule of Evidence 502, which applies to disclosures of information covered by attorney-client privilege and work-product protection.  Rule 502(a) provides that a waiver resulting from a disclosure of protected information in a federal proceeding extends to undisclosed protected materials "only if: (1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together." Fed. R. Evid. 502(a).  "The idea is to limit subject matter waiver to situations in which the privilege holder seeks to use the disclosed material for advantage in the litigation but to invoke the privilege to deny its adversary access to additional materials that could provide an important context for proper understanding of the privileged materials."  8 Charles Alan Wright, et al., Federal Practice and Procedure § 2016.2 (3d ed., 2010 update).  Thus, subject-matter waiver "is reserved for those unusual situations in which fairness requires a further disclosure of related, protected information, in order to prevent a selective and misleading presentation of evidence to the disadvantage of the adversary."  Fed. R. Evid. 502 advisory committee notes.

//

//

//

1   It is undisputed that Defendants intentionally disclosed the investigative reports

2   to Plaintiffs during discovery in this case.  (*See Defs.' Objection* 10:12–22 [Doc. 94].)

3   However, Defendants argue that Judge Skomal's analysis of the subject-matter and

4   fairness prongs in finding that there is a subject-matter waiver for the redacted sections

5   is inadequate.  The Court disagrees.

6   Judge Skomal's finding that Defendants waived their attorney-client privilege and

7   work-product protection is neither clearly erroneous nor contrary to law.  The evidence

8   and arguments presented to Judge Skomal in the joint discovery motion support this

9   finding.  In the parties' joint discovery motion, the parties described the investigative

10  reports as "concerning [SDMA's] investigation of Plaintiffs and former TCHD Chief

11  Executive Officer, Art Gonzalez."  (*Joint Disc. Mot. No. 1* at i:4-6 [Doc. 55].)

12  Defendants echoed this description in their statement of facts.  (*See id.* at 1:4-6; *McFaul*

13  *Decl.* ¶ 2 [Doc. 62].)  Accordingly, Judge Skomal concluded that the subject matter of

14  the reports is the investigation of Plaintiffs.[1]

15  The next question in the subject-matter-waiver analysis is to determine whether

16  the disclosed and undisclosed communications concern the same subject.  In the joint

17  discovery motion, Defendants described the redacted sections as "contain[ing] legal

18  advice and analysis sought from SDMA *in connection with the investigation of Plaintiffs'*

19  *misconduct.*"  (*Joint Disc. Mot. No. 1* at 2:25-26 (citing *McFaul Decl.* ¶ 3) (emphasis

20  added).)  This assertion by Defendants concedes that the redacted sections concern the

21  same subject matter—the investigation of Plaintiffs—as the rest of the investigative

22

23  [1] Defendants attempt to recharacterize the subject of the investigative reports.  (*See*

24  *Request for* In Camera *Review* 1:21-22.)  However, an objection to a magistrate judge's order is an inquiry into whether the order is clearly erroneous or contrary to law.  Thus, it is

25  incumbent upon the parties to raise all pertinent issues as well as all arguments, contentions, and statements of position before the magistrate judge.  Singh v. Superintending Sch. Comm.

26  of City of Portland, 593 F. Supp. 1315, 1318 (D. Me. 1984).  Otherwise, the district court will not consider the matters not presented to the magistrate judge.  See id.  Here, Defendants

27  failed to argue or even mention its current characterization of the reports' subject to Judge

28  Skomal.  Accordingly, the Court will not consider this argument.

reports.  Furthermore, the *in camera* review also supports this finding.  The redacted sections of the investigative reports include, for example, investigation into employment status, the law regarding termination, and findings that cause exists for terminating certain employees.  These subjects all concern the investigation of Plaintiffs.  Thus, the evidence and arguments presented support Judge Skomal's finding that the redacted sections of the investigative reports concern the same subject as the portions of the reports already produced.

The final question is whether the disclosed and undisclosed communications should be considered together in fairness.  The contents of the redacted reports already produced include, among other things, an investigation of employee performance, a review of the employment contracts, and legal analysis.  For example, on page 161 of the reports, there is a subsection titled "A. Dr. Art Gonzalez."  (*Joint Disc. Mot. No. 1, App. Vol. 2, Part 2* at 56 [Doc. 55-2].)  This section discusses various duties allegedly breached by Dr. Gonzalez—which is legal analysis based on McFaul's investigation—but a portion of text preceding the subsection on the same page was redacted potentially depriving Plaintiffs of important context.  The *in camera* review shows that the preceding redacted sections discuss investigative findings that cause exists for terminating certain employees as well as a review of the employment contracts and standards for termination.  Hence, these redacted sections that contain factual findings and legal analysis would provide important context for a proper understanding of the protected materials.  Furthermore, several of Defendants' affirmative defenses heavily relate to or rely on the contents in the redacted sections.  (*See Answer* 14:6–28 [Doc. 54].)  For example, Defendants raise "at-will" employment, good case, failure to perform essential job function, and mistake of contract, among others, as affirmative defenses (*id.*), which are subjects discussed in the redacted sections.  Denying Plaintiffs access to the redacted sections would advantage Defendants by allowing them to use attorney-client privilege and work-product protection at once as a shield and sword.  See <u>United States v. Bilzerian</u>, 926 F.2d 1285, 1292 (2d Cir. 1991); <u>see also</u> <u>Chevron Corp. v.</u>

1   Pennzoil Co., 974 F.2d 1156, 1162 (9th Cir. 1992).  Thus, from the excerpts presented,

2   Judge Skomal had ample evidence to find that fairness required that the redacted

3   sections be considered together with the portions of the reports already produced.

4        Accordingly, Judge Skomal's March 24, 2011 discovery order is neither clearly

5   erroneous nor contrary to law.

6

7   **IV.**   CONCLUSION AND ORDER

8        In light of the foregoing, the Court **OVERRULES** Defendants' objection to Judge

9   Skomal's March 24, 2011 discovery order.  (Docs. 94, 96.)

10

11       **IT IS SO ORDERED.**

12

13  DATED:  May 23, 2011

14

15                                          Hon. Thomas J. Whelan
                                            United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28